# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-3264

DARNELL BRIDGES,

*Petitioner-Appellant,*

*v.*

JOHN CHAMBERS, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 6447—**Matthew F. Kennelly**, *Judge.*

ARGUED FEBRUARY 13, 2006—DECIDED MAY 12, 2006

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Darnell Bridges was convicted in Illinois of aggravated battery. He is before us now on his 28 U.S.C. § 2254 petition, which was denied by the district court. The sole issue centers on whether Bridges's confession to the Chicago police was voluntary, given that he was only 17 years old at the time and that the police purposefully separated Bridges from his parents during both his arrest and subsequent interrogations. Although we are disturbed with the choice of tactics used by the police, the Appellate Court of Illinois appropriately evaluated all of the circumstances surrounding the confession, and its decision that the confession was voluntary was not contrary

to, nor did it involve an unreasonable application of, clearly established federal law. We therefore affirm.

## I. HISTORY

Stacy Spires, an off-duty Chicago police officer, was an innocent bystander who was accidently shot during a gang-related shooting. Upon investigating, the police immediately suspected Bridges was involved. Detective Stanley Turner, along with other Chicago police officers, went to Bridges's home, where Turner spoke with Bridges's mother. She was unwilling to divulge Bridges's location, but offered to take the police to him. She then led officers to a local grocery store where Bridges worked. After asking Bridges a few questions in the presence of his mother and his employer, Turner (and the mother) left the store. Before leaving, Turner told the mother he would contact her should further questioning be necessary. Some 10 to 15 minutes later, three different officers returned to the store and took Bridges to the police station for questioning. Bridges's mother was not contacted, and she did not learn of the arrest until hours later. Upon her arrival at the police station, she was told she could see her son, but she was not actually allowed to do so at any time.

Bridges was interrogated three times while in police custody. The first interrogation began at 8:30 p.m., and Bridges was questioned by a detective for 30 minutes. He was questioned again for 30 minutes starting at 3:30 a.m. the following morning. Neither interview was eventful. Beginning at 6:00 a.m., Bridges was questioned for about an hour, and he provided a statement at that time in which he admitted to being a lookout for the shooters. Based on this statement, Bridges was indicted and ultimately went to trial, where he was acquitted of attempted murder, but was found guilty of aggravated battery of Spires with a firearm.

Bridges appealed to the Appellate Court of Illinois, raising several issues. The most important issue for our purposes was whether Bridges's statement was voluntary, given that he was under 18 years of age and he was not allowed to have a parent or other friendly adult present. Without recounting all the issues, suffice it to say the appellate court evaluated the totality of the circumstances surrounding the confession and found it was voluntary. Bridges's petition for leave to appeal to the Illinois Supreme Court was subsequently denied. Bridges then filed his petition pursuant to 28 U.S.C. § 2254 in the district court, raising two issues, including whether his confession was voluntary. Both issues were denied, and the district court granted Bridges a certificate of appealability with respect to the voluntariness issue. It is to this issue that we now turn.

## II. ANALYSIS

"[I]n habeas cases, we review the district court's factual findings for clear error and its legal conclusions de novo." *Charlton v. Davis*, 439 F.3d 369, 372 (7th Cir. 2006) (citation omitted). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), we may grant habeas corpus relief only if the state court's decision is contrary to, or employs an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 367 (2000). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision represents an "unreasonable application" of clearly established federal law "if the state court identifies

the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

At the outset, we note Bridges's argument relies on a faulty premise. Bridges argues, "In short, the Illinois courts did not apply the correct totality of the circumstances test because there are two different tests—one for juveniles and one for adults."[1] It is undisputed that the voluntariness of confessions has long been analyzed by examining the totality of the circumstances surrounding the interrogation. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). However, there is only one test, not two. It is logically impossible to have more than one totality-of-the-circumstances test. Either all relevant circumstances are considered or they are not. Essentially, Bridges argues his supposed juvenile status entitles him to an evidentiary presumption where none exists. "This totality-of-the-circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved." *Fare v. Michael C.*, 442 U.S. 707, 725 (1979); *see Ruvalcaba v. Chandler*, 416 F.3d 555, 560-61 (7th Cir. 2005) (quoting same); *see also Gallegos v. Colorado*, 370 U.S. 49, 55 (1962) (explaining, in evaluating the voluntariness of a child's confession, "There is no guide to the decision of cases such as this, except the totality of circumstances. . . .").

Bridges does not argue the Illinois appellate court did not consider the circumstances surrounding his statement. In

---

[1] Bridges acknowledges that, "This precept [has] never [been] articulated this way . . . ." Furthermore, at oral argument, Bridges's counsel conceded that at the time of Bridges's arrest, there was no Supreme Court case involving a 17-year-old in the present context. Bridges certainly has an uphill battle to show the Illinois court acted contrary to, or unreasonably applied, Supreme Court precedent if there was no such precedent to point to.

fact, Bridges goes so far as to say that court "may have applied *a* totality of the circumstances test" (emphasis in original), which is confirmed by the Illinois court's opinion:

> We look to the totality of the circumstances to determine the voluntariness of a statement. Factors to be considered include: the defendant's age, intelligence, background, experience, mental capacity, education and physical condition at the time of questioning, the legality and duration of the detention, the duration of the questioning, and any physical or mental abuse by the police, including any threats or promises. No single factor is dispositive.

*People v. Bridges*, No. 1-01-0914, slip op. at 15 (Ill. App. Ct. May 20, 2003) (citations omitted). The court then looked at each of these factors individually and concluded the statement was made voluntarily. *See id.* at 15-19. Given that the court applied the proper test as required by the Supreme Court, we are not in a position to find its decision was contrary to clearly established federal law as determined by the Supreme Court.

Bridges then makes a second argument, this one concerning his age. Bridges was one month shy of his 18th birthday at the time of the interrogation. Bridges argues that because he was a juvenile at the time, the court was required to consider his prior experience with the criminal justice system and the presence or absence of friendly adults, usually the parents. Furthermore, according to Bridges, "when reviewing the statements of a juvenile, the Supreme Court recognizes a 'special caution' factor." Because the Illinois court did not consider these additional "juvenile factors," its decision was both contrary to and constituted an unreasonable application of "Supreme Court law," or so the argument goes.

Once again, Bridges's argument relies on a faulty premise, namely that Bridges was a juvenile. Contrary to his argument, the law in Illinois could not be any clearer. The Illinois General Assembly has spoken and has declared that a juvenile is someone *under* the age of 17. See 705 ILCS 405/5-105(3) ("'Delinquent minor' means any minor who prior to his or her 17th birthday . . . ."). Bridges does not dispute that the Illinois statute applies to him and that it does not categorize him as a juvenile. Rather, he argues the Supreme Court has repeatedly recognized 17-year-olds as juveniles, and he seems to argue that recognition trumps the Illinois statute. Bridges then provides a wide array of Supreme Court cases in which the Court referred to 17-year-olds as "juveniles," "children," "boy[s]," "adolescent[s]," and "minors." None of these cases involved the voluntariness of a confession. A review of the cases cited by Bridges shows these descriptive terms did not establish any constitutional rule, nor did they create any legal significance. In other words, the characterizations were not all that material to the outcome of the case, nor did the Court come close to establishing that those under 18 must be considered juveniles. Moreover, it is common for federal courts to look to state law to determine a person's status. *Cf. Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.") (quotations and citations omitted). It was therefore not unreasonable for the Illinois court, consistent with Illinois law, to conclude Bridges was not a juvenile.

Bridges then points to other sources to argue he must be considered a juvenile. For example, for federal juvenile delinquency purposes, 18 U.S.C. § 5031 defines a juvenile as someone under the age of 18. Also, according to Bridges, Congress has interpreted Supreme Court precedent to establish that 17-year-olds are juveniles. Furthermore, Bridges argues "the Supreme Court and everyone else"

implicitly considers 17-year-olds as juveniles, citing "the history leading up to the passage of the 26th Amendment." All of these sources are unpersuasive for the same reason: None involve Supreme Court precedent that clearly established that 17-year-olds must be considered juveniles. As stated earlier, this is the requirement under 28 U.S.C. § 2254(d)(1), and Bridges has failed to meet his burden.

Bridges's final argument is that his statement was not voluntary, given the "chilling facts" surrounding his interrogation, including the "peculiarly outrageous" conduct of the police in keeping Bridges's parents away from their son during questioning. The police did orchestrate the situation in a conscious effort to keep Bridges's parents, especially his mother, from being present. It appears the police did not even inform the parents that Bridges was in custody. Bridges argues this police behavior is the culture in Illinois, as it is one of the few jurisdictions in which the police can intentionally separate a 17-year-old suspect from his or her parents during questioning, despite the suspect's requests to the contrary.[2] While this conduct gives us pause, and indeed we encourage the police to consider other interrogation techniques for 17-year-olds, this behavior by itself is not enough to warrant a finding that the Illinois court's decision was contrary to, or employed an unreasonable application of, federal law.

The Illinois court considered the totality of the circumstances, and its decision did not involve an unreasonable application of clearly established federal law. It noted

---

[2] This tactic might be invalidated in the future. *See Roper v. Simmons*, 543 U.S. 551 (2005) (barring execution of a 17-year-old under the Eighth and Fourteenth Amendments); *Yarborough v. Alvarado*, 541 U.S. 652 (2004) (considering interaction of police with the parents of a 17-year-old when evaluating whether he was "in custody" for purposes of *Miranda*). However, these cases were decided after Bridges's conviction became final and are of no use to him now.

Bridges was almost 18, he was a senior in high school, he was receiving average grades, he regularly attended school, and he also held down a part-time job. He lived in a stable, two-parent household. As for the actual questioning, it was relatively brief. He was questioned for 30 minutes beginning at 8:30 p.m., then again at 3:30 a.m. for 30 minutes. He was then questioned for an hour starting at 6:00 a.m., at which time he gave his statement. He was allowed to use the restroom, and he was given something to drink. There was no evidence he was not allowed to sleep between interviews. Finally, the Illinois court found the police did not engage in any physical or mental abuse. In the end, the court examined Bridges's intelligence, background, experience, mental capacity, education, and physical condition, as well as the legality and duration of the detention, the duration of the questioning, and any physical or mental abuse by the police, including any threats or promises. The court also explained how relevant Illinois law considered Bridges an adult, and not a juvenile.[3] Properly evaluating all of these factors using the totality-of-the-circumstances test, the court determined that Bridges's statement was voluntary. Having reviewed the record before us, we find nothing in the decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.

---

[3] In fact, as was confirmed at oral argument, Bridges could not even be charged as a juvenile for his actions under Illinois law, given that he was over 16.

## III.  CONCLUSION

For the reasons set forth above, the district court's decision to deny Bridges's § 2254 petition is AFFIRMED.

A true Copy:

      Teste:

                 _____
                 *Clerk of the United States Court of*
                 *Appeals for the Seventh Circuit*