UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2006
Decided October 27, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1284

| | |
|---|---|
| STEVE YANG,<br> *Petitioner-Appellant,*<br><br>  *v.*<br><br>WILLIAM POLLARD,<br> *Respondent-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 05-C-0722<br><br>Charles N. Clevert, Jr.,<br>*Judge.* |

**O R D E R**

Wisconsin prisoner Steve Yang petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, claiming that his trial counsel was ineffective for failing to interview an eyewitness and not impeaching a prosecution witness with evidence of a pending criminal charge. The Wisconsin Court of Appeals had earlier ruled that counsel's performance was neither deficient nor prejudicial, and in denying Yang's petition the district court concluded that the state-court decision was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). We affirm.

Yang was sitting in the front passenger seat of a parked car, talking for several minutes to friends, when another car with three occupants pulled up next to them. The driver of the other car asked about Yang's gang affiliation. Yang

answered that he was not in the same gang as the people in the other car, then drew a gun and fired several shots that hit two of the occupants of the other car.

Yang was charged as a habitual criminal, *see* Wis. Stat. § 939.62, with two counts of first-degree recklessly endangering the safety of another with a dangerous weapon (one count identifying the victim as the driver of the other car and the other count identifying one of the passengers), *see id.* §§ 939.63, 941.30(1), one count of endangering the safety of another with a dangerous weapon by intentionally discharging a firearm from a vehicle, *see id.* § 941.20(3)(a), and one count of possession of a firearm by a felon, *see id.* § 941.29(2).  At his trial Yang conceded that he fired multiple rounds at the other car, but argued that he acted in self-defense because he saw the driver of the other car, Pao Vang, reaching for a gun. The driver of Yang's car, over whom Yang reached to fire his gun, was not called to testify at trial.

Pao Vang testified that he did not have a gun.  During cross-examination, however, he admitted that he had a prior "conviction" for obstructing justice:  police investigating a different matter had tried to question him about a photograph of a person with a gun, but before they could ask him about it, Pao Vang snatched the picture from an officer's hand—and ate it.  As it turned out, however, Pao Vang was mistaken about having a conviction for this conduct; he was scheduled to plead guilty that week to the obstruction-of-justice charge, but he had not yet been convicted at the time of Yang's trial.  The trial court then granted the prosecution's request to instruct the jury that Pao Vang's testimony was inaccurate because he had not been convicted of any offense.

At the close of the evidence, the trial court gave self-defense instructions for the two counts of first-degree recklessly endangering the safety of Pao Vang and the passenger in his car, as well as the charge for endangering safety by discharging a firearm from a vehicle.  The jury acquitted Yang of first-degree recklessly endangering Pao Vang, but found him guilty of first-degree recklessly endangering the passenger, endangering safety by discharging the firearm from a vehicle, and possessing a firearm as a felon.  The court sentenced Yang to a total of 15 years' imprisonment.  He lost his direct appeal and consolidated postconviction motion, *State v. Yang*, 273 Wis. 2d 785 (Wis. Ct. App. Apr. 13, 2004) (unpublished opinion), *transfer denied*, 687 N.W.2d 522 (Wis. Aug. 2, 2004).

Yang then turned to federal court and filed his § 2254 petition, in which he argued several theories for why trial counsel was ineffective.  The district court denied the petition, but granted a certificate of appealability.

A federal court may not grant habeas-corpus relief for any claim resolved on the merits by a state court unless that adjudication yielded a decision contrary to, or involved an unreasonable application of, clearly established federal law as decided by the Supreme Court. 28 U.S.C. § 2254(d); *Simelton v. Frank*, 446 F.3d 666, 669 (7th Cir. 2006). A state-court decision is "contrary to" established federal law if the state court applies a rule that contradicts Supreme Court precedent or reaches a different conclusion on facts that are materially indistinguishable from an applicable Supreme Court case. *Bradelle v. Correll*, 452 F.3d 648, 654 (7th Cir. 2006); *Bridges v. Chambers*, 447 F.3d 994, 996-97 (7th Cir. 2006). A state court's judgment is an "unreasonable application" of federal law if it identifies the correct governing law, but applies it unreasonably to the facts. *Badelle*, 452 F.3d at 654. In applying this limitation, it is the decision of the last state court to rule on the claim that controls, *Simelton*, 446 F.3d at 669-70, in this case, the Wisconsin Court of Appeals.

On appeal, Yang presses two of his theories of ineffective assistance. The first is that his trial counsel was ineffective for failing to interview and call the driver of Yang's car to corroborate Yang's self-defense testimony. Yang contends that corroborating testimony from the driver would have convinced the jury that he acted in self-defense and would have led to his acquittal on all charges.

The Wisconsin Court of Appeals analyzed this claim under the two-pronged test set out in *Strickland v. Washington*, 466 U.S. at 687 (1984). Under *Strickland*, to establish ineffective assistance, Yang was required to show that counsel's performance was deficient, and that the deficiency prejudiced his defense. *See Thompson v. Battaglia*, 458 F.3d 614, 617 (7th Cir. 2006). The state appellate court ruled that counsel was not deficient because it was Yang's responsibility to inform his lawyer about the witness and counsel could not be held responsible if he did not know about that witness. The court added under the second prong of *Strickland* that Yang could not have been prejudiced by the failure to call the driver because the corroborating testimony would have applied only to a self-defense claim, but the jury was not instructed about self-defense with regard to the remaining charges.

The Wisconsin Court of Appeals correctly identified the *Strickland* test as the governing law for Yang's claim of ineffective assistance of counsel, and applied the two prongs of the test to the facts in Yang's case. Yang argues that the state court's decision is unreasonable with regard to the first prong of *Strickland* because Yang could not have informed counsel about the driver's actual perception of events, and was also unreasonable as to the prejudice prong because the jury was instructed on self-defense for more than just the count on which he was acquitted. Yang is correct that the jury was instructed on self-defense with regard to the charges of first-degree recklessly endangering the other driver and the passenger in the other car as well as for discharging a weapon from a vehicle. Nonetheless, he has not shown

that the state court's decision was objectively unreasonable. To show that a state court's decision is an unreasonable application of federal law, a petitioner must show more than just that the decision is incorrect; an objectively unreasonable state-court decision must be in opposition to Supreme Court precedent, not supported by the record, or arbitrary. *Badelle*, at 654-55. Yang has not argued that the state court's analysis of the deficiency prong of *Strickland* is either contrary to, or an unreasonable application of, any Supreme Court precedent; he argues only that the state court reached the wrong outcome.

Furthermore, even if Yang established that the state court's analysis is contrary to federal law, he still could not demonstrate ineffective assistance of counsel because any deficiency could not have prejudiced his defense. Counsel makes a number of representations about what the witness's testimony would have been, but Yang did not submit an affidavit with his § 2254 petition to substantiate these assertions. In federal court, Yang cannot simply state that a putative witness's testimony would have been favorable because speculation alone cannot support an ineffective-assistance claim. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (stating that evidence about testimony of putative witness must be presented in form of actual testimony or affidavit). Regardless, the jury obviously disbelieved Pao Vang's testimony that he did not have a gun; otherwise, the jury would not have concluded that Yang acted in self-defense when he shot at him.

The second theory pressed by Yang is that trial counsel was ineffective for not impeaching Pao Vang with information about his pending guilty plea. Yang assumes that, if counsel could not impeach Pao Vang with evidence of a conviction, he could impeach the witness with evidence of a pending charge.

Yang raised the same argument in the Wisconsin Court of Appeals. That court also analyzed the claim under *Strickland* and ruled that counsel's performance was not deficient because the evidence of the pending criminal conviction was not admissible under Wisconsin Statute § 906.09. The court further ruled that Yang was not prejudiced because Pao Vang's testimony was corroborated by other witnesses and would not have made the jury's verdict unreliable. Yang has not attempted to explain why he believes the state appellate court's application of *Strickland* to this claim was unreasonable. Rather, he simply reasserts the same arguments he made to the state court and argues that the court's conclusion was wrong. But an unreasonable application of federal law "is not synonymous with an erroneous decision," and Yang does not identify a federal law with which the state court's analysis contradicts. *See Badelle*, 452 F.3d at 654-55.

For these reasons, the judgment of the district court is AFFIRMED.